[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Bethel, Connecticut on September 23, 1989. By complaint dated April 13, 2000, the Wife instituted this action claiming a dissolution of marriage, joint custody of the minor children, child support an equitable division of the assets of the parties and other relief as law and equity might provide.
Two minor children were born issue of this marriage: Brett A. Monroe, born February 24, 1992 and Shawn A. Monroe, born May 19, 1993.
The Wife is age 34 and in good health. The Husband is 36 and has several work related injuries to his back and shoulder.
The court finds that both parties are equally responsible for the breakdown of the marriage.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on January 5, 2001.
CUSTODY/VISITATION
CT Page 593
The parties shall have joint legal custody of their two minor children. The Wife shall be designated as the primary residential parent. The Husband shall have the right of reasonable, flexible visitation which shall include the following:
— alternate weekends from Friday at 6:00pm to Sunday at 5:30pm;
— the Husband shall provide all transportation;
 — The following holidays shall be alternated: New Year's Day, Easter Sunday, Memorial Day, Independence Day, Labor Day, Thanksgiving Day (whichever parent has the children on Christmas morning shall not have the children on Thanksgiving Day) Christmas Eve and Christmas Day. Christmas Eve visitation shall commence at noon on December 24th and conclude at 9:00pm December 24 at which time the children shall be picked up by the alternate parent. Christmas Day visitation shall commence at 9:00pm on December 24th and conclude at 6:00pm on December 25th. The Wife shall have the children on Christmas morning in 2001.
 — All minor Monday holidays shall attach to the preceding weekend, therefore, visitation shall extend to 5:30pm on minor Monday holidays;
— The Wife shall have the children on her birthday and Mother's Day.
— The Husband shall have the children on his birthday and Father's Day
 — The parties shall each spend time with the children on the child's birthday.
CHILD SUPPORT
The Husband shall pay to the Wife the sum of $132.00 per week as child support for the two children, said sum being in compliance with the Child Support Guidelines. An immediate income withholding shall enter.
The obligations of support and maintenance of the minor children shall terminate as each such child attains the age of eighteen (18) years, marries, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnising the child's support or becomes otherwise emancipated, which ever occurs first. Notwithstanding that a child has reached the age of eighteen (18) years, if the child is a full time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as specified above, until the child CT Page 594 completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
The Husband shall pay to the Wife 30% of qualifying daycare expenses incurred by her for the children pursuant to the Child Support Guidelines.
As long as he is current on his child support payments, the Husband shall take the older child as dependent for tax purposes and the Wife shall take the younger child as dependent for tax purposes.
ALIMONY
Neither party shall pay or receive alimony.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
The Wife shall maintain, at her sole expense, the present medical/dental insurance for the children which is provided to the Wife through her employment. If said insurance is no longer available to the Wife through her employment at a reasonable cost, the parties shall equally share the cost of obtaining such medical and dental insurance. The Wife shall be responsible for the first $100.00 per year of unreimbursed medical and dental expenses. Thereafter the parties shall split the cost of any unreimbursed medical, dental, optical, psychological, orthodontic and prescriptive drug expenses incurred on behalf of the minor children according to the Guidelines (the Wife share being 70% and the Husband's share being 30 %) for as long as the Husband is obligated to pay child support for said child.
The Wife shall not contract for any extraordinary medical or dental expenses for the children without first consulting with the Husband except in case of emergencies.
The provisions of 46b-84 (e) shall apply.
MEDICAL INSURANCE — WIFE AND HUSBAND
The Wife shall be responsible for her own medical insurance coverage. The Husband shall be responsible for his own medical insurance. The Wife shall cooperate with the Husband in obtaining any COBRA benefits available to him.
LIFE INSURANCE
The Husband shall continue to maintain his present life insurance in CT Page 595 the minimum amount of $300,000.00. The Husband shall designate each child as an irrevocable beneficiary of $150,000.00 of said life insurance. The Husband's obligation to maintain the children as beneficiaries of said life insurance shall continue for as long as the Husband is obligated to pay child support for said child. The Husband shall provide to the Wife proof that he is insured in the specific amount and has named the children as beneficiaries on an annual basis.
PERSONAL PROPERTY
If the parties are unable to agree on the division of their personal property from the marital home, they shall submit to mediation by Family Relations.
REAL PROPERTY
The Husband shall, within 90 days of the date of the dissolution, Quit Claim to the Wife his interest in the marital property located at 13 Sharon Court, Bethel, Connecticut. In consideration thereof, the Wife shall pay to the Husband, immediately upon the receipt of the Quit Claim Deed, the sum of $17,100.00 (calculated as follows: Fair market value of the marital residence $180,000.00, less outstanding mortgage of $135,000.00, less standard closing costs of 6%, being $10,800.00, leaving an equity of $34,200.00, said sum divided equally being $17,100.00) payable as follows:
— $17,100.00 in cash, or
 — $17,100.00 plus the cost of fees, penalties and tax consequences incurred by the Husband in cashing in said amount from the Wife's portion of her tax deferred investment account.
Said additional sum paid by the Wife to the Husband shall not exceed $1,000.00. The Wife shall indemnify and hold the Husband harmless for the mortgage on said property. Within one year the Wife shall make her best efforts to refinance said mortgage to remove the Husband's name from same. If she is unable to do so, she shall apply each year thereafter until she so qualifies. The Wife shall provide proof to the Husband that she has complied each year with this order.
TAX DEFERRED INVESTMENT ACCOUNT
The Wife has a tax deferred investment account (401K) through her employment at Boebringer Ingeiheim in the amount of $62,895.00. The Wife shall retain 75% of said sum and transfer to the Husband 25% of said sum within 90 days of the date of the dissolution. In the event that a QDRO CT Page 596 is necessary to divide this account, the costs of the preparation of the necessary documents shall be shared equally by the parties. The Superior court shall retain jurisdiction over the tax deferred account until it is distributed between the parties and to resolve any disputes which may arise with regard to the preparation and execution of the QDRO.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit. The Wife shall be solely responsible for the Mutual Security Visa Account and indemnify and hold the Husband harmless in regards to same. The Husband shall be solely responsible for the Texaco account and indemnify and hold the Wife harmless in regards to same and remove her name from said account.
BANK ACCOUNT AND STOCKS — CHILDREN
The Wife shall maintain the children's accounts as listed on her financial affidavit. The accounts shall be maintained for the college education of the children. If the child or children do not attend post high school education, the accounts shall be turned over to the child when the child graduates high school or reaches the age of 18 years whichever occurs last.
BANK ACCOUNTS — WIFE AND HUSBAND
Each party shall retain the bank accounts in their name, free and clear of any claim by the other.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees.
TAX RETURNS
The parties shall file separate tax returns for the year 2001 and thereafter.
MOTOR VEHICLES
The parties shall be entitled to their respective motor vehicles and each shall sign the necessary documents to effectuate this order. Each party shall also be responsible to all personal property taxes due on their respective motor vehicles and shall promptly pay all outstanding taxes, if any. CT Page 597
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Frankel, J.